Samuel A. Spiegel, J.
This is an application for an interpretation and >a ruling. This is a proceeding under subdivision 7 of section 206 of the Narcotics Control Act of 1966 (Mental Hygiene Law, art. 9) whereby a narcotic addict certified pursuant to this 'Section, upon a petition made by someone other than himself, within 30 days after the order of certification by a Supreme Court Justice may apply to a Justice of the Supreme Court in the county in which the certification proceedings were had pursuant to this section, for a ‘ ‘ review of such order ’ ’ before a Justice other than the Justice making the certification.
From an examination of the file I have 'ascertained that the request of the alleged addict was made within the 30-day period required and thus complies with the statute entitling him to a trial.
The section further provides that such Justice shall thereupon cause a jury to be summoned and shall proceed to try the issue of the certification of such narcotic addict in accordance with article 41 of the CPLB.
An issue was raised as to the burden of proof and as to the procedure to be adopted in this type of case. Since there have been no decisions or opinions under this act, an interpretation as to ground rules was sought herein. Since there has been a wide difference of opinion as to how the court should proceed and as to how the parties to this proceeding shall present their case under this new statute, the court has determined that the burden of proof in this type of proceeding shall be on the *302 People of the State of New York acting through the Narcotic Addiction Control Commission represented by the Attorney-General. The Attorney-General advanced the argument that since the addict instituted this trial, by requesting it, he should have the burden of proving that he is not a narcotic addict. The court cannot agree with this interpretation and rules that the legislative .intent was to place the burden of proof on the" commission which seeks to exercise control over the alleged addict. Thus the commission must prove at this trial that Paul James was a narcotic addict at the time of the examination by Dr. Nathan Davis on May 3, 1967.
Further, an interpretation and ruling are required as to the meaning of the statute, particularly in the phrase ‘ ‘ for a review of such order ’ ’ referring, of course, to the order of certification entered by Mr. Justice Korn in this court oil June 15, 1967 certifying Paul James to be an addict and referring him to the Narcotic Addiction Control Commission. In my opinion ‘ ‘ review of such order ” applies only to the facts leading to the order of Judge Korn and does not really and truly mean a review of the Judge’s discretion, right or legality in making the order. The validity of a Supreme Court Justice’s order" cannot be determined by a jury of laymen. This privilege is solely within the jurisdiction of the appellate courts. Therefore, it is my feeling ■that, while a Supreme Court Justice holds a hearing and passes upon the issue of whether or not the alleged addict shall be certified to the Narcotic Addiction Control Commission, that any jury trial, requested as in this case, can review only facts which were the basis for the determination by the Supreme Court Justice that Paul James was a narcotic addict on the date of his medical examination. In my discretion, I will not limit this trial only to that proof which was before Mr. Justice Korn. If there is other competent material or relevant proof it may be presented at this trial before the jury. I do not perceive that by using the words “review of such order ” the Legislature intended to vest a jury with the powers of an appellate court in reviewing all of the facts and law involved in said order. Bather, it follows that in its concern for the civil liberties of one accused as an addict and who could be detained and deprived of his liberty the Legislature in its wisdom established two hearings for that purpose. One without a jury and one with a jury if requested. Therefore, “ review of such order ” shall be limited to a review of the facts. Motions and legal argument directed to the legality, validity or constitutionality of the act or the order shall be entertained by the court.
*303 Another question arose for a ruling and interpretation as to whether to disclose to this jury that there had been a previous hearing at which Paul James was certified by a Justice of the Supreme Court as a narcotic addict. I feel that this would be highly prejudicial to the alleged addict if this were disclosed. Therefore, on direct examination 1 will allow no reference thereto. However, on cross-examination, if there is a contradictory ‘answer or a recent fabrication, then permission will be granted to ask the witness questions as to the testimony given at a previous hearing. This will be only for the purpose of credibility. To safeguard the rights of the alleged addict, the witness under these circumstances can be asked if under oath at a previous hearing or on a previous occasion he testified, etc.
As in any civil case, the finding of the jury can be 5/6 or 10/12 rather than as in a criminal case where it must be unanimous and beyond a reasonable doubt. In this case the verdict can be by a fair preponderance of the evidence. The Attorniey-Geueral will open and close to the jury. These are the ground rules for this particular trial and in my judgment for this type of proceeding. ■